# Morgan Lewis

> File motion by November 18, 2019. File response by December 12, 2019. File reply by December 30, 2019. SO ORDERED.
>
> Dated: 10/16/2019
>
> _P. Kevin Castel_
> United States District Judge

**Gregory T. Parks**
Partner
+1.215.963.5170
gregory.parks@morganlewis.com

October 11, 2019

**VIA ECF**

Honorable P. Kevin Castel
United States District Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 11D
New York, NY 10007

Re:   *In re Hudson's Bay Company Data Security Incident Consumer Litigation*
        No. 1:18-cv-8472 (PKC) [Related to No. 1:19-cv-04492 (PKC)]

Dear Judge Castel:

We represent Defendants Hudson's Bay Company, Saks Incorporated, Saks Fifth Avenue LLC, Saks & Company LLC and Lord & Taylor LLC (collectively, "Hudson's Bay") in the above-referenced action. As required by Your Honor's Individual Practices, we write regarding our proposed motion to dismiss the Second Consolidated Amended Class Action Complaint ("Second Amended Complaint" or "SAC") pursuant to Rules 12(b)(1) and 12(b)(6). A status conference is scheduled with the Court on November 8, 2019.

Plaintiffs requested leave to amend to "correct certain deficiencies noted by Defendants in their [pre-motion] letter regarding claims of the newly added Plaintiffs other than Plaintiff Rudolph." (Dkt. 133). Although the Second Amended Complaint removes five named Plaintiffs and includes some additional factual detail on behalf of the remaining Plaintiffs, it otherwise fails to correct many of the deficiencies identified in Hudson's Bay's pre-motion letter filed on September 9, 2019 (Dkt. 129) and, therefore, should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). In addition, Plaintiffs' two new statutory claims fail because one statute does not allow a private right of action and the other bars class actions.

### A.   The SAC Continues to Be Insufficient to Satisfy Rules 12(b)(1) and 12(b)(6).

For many of these Plaintiffs, this is their fourth or fifth effort to assert a claim. Yet, despite these multiple opportunities, the Second Amended Complaint fails to address the following deficiencies identified in Hudson's Bay's initial pre-motion letter, many of which are based on Your Honor's May 7, 2019 Opinion in *Rudolph v. Hudson's Bay Co., et al.*, No. 1:18-cv-8472 (PKC), Dkt. No. 96 ("*Rudolph* Opinion"). Without repeating the deficiencies in detail, they are:

1. Certain Plaintiffs continue to attempt to allege injury based on diminution in value of personal information (SAC ¶ 29(g))—a theory Your Honor rejected in the *Rudolph* Opinion. *Id.* at 15-16. Plaintiffs appear to have eliminated this allegation for named Plaintiffs who have not cancelled the payment card allegedly used at Hudson's Bay stores. SAC ¶¶ 13, 14, 20, 21, 25. However,

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA  19103-2921                ☎ +1.215.963.5000
United States                                          📠 +1.215.963.5001

Honorable P. Kevin Castel
October 11, 2019
Page 2

      Your Honor dismissed this claim in *Rudolph* on the basis that Rudolph did not include any specific allegations that the value of her personal information was diminished by the data security incident. *Id.* at 16. The Second Amended Complaint similarly fails to include such allegations and, therefore, the diminution in value claims do not plead an injury in fact.

2. The Second Amended Complaint continues to assert a benefit of the bargain theory of injury (SAC ¶¶ 12-26). This Court rejected that theory in the *Rudolph* Opinion as too tenuous to support Article III standing. *Id.* at 7-8.

3. Certain Plaintiffs' requests to recover for future harm on cancelled cards have already been rejected by this Court as not rising to the level required to assert Article III standing. *Rudolph* Opinion at 10-11; SAC ¶¶ 12, 16, 18, 19, 22, 26 & 97(f).

4. This case involves payment card data—not "more sensitive data" like a social security number, birth dates, or account passwords. Yet, all Plaintiffs fail to allege the requisite substantial risk of future harm. Plaintiffs' claimed losses for time and resources to monitor for future identity theft are insufficient for an Article III injury. *Rudolph* Opinion at 12 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013)).

5. Plaintiffs Harris, Lefkowitz, Dennis Meduri, Giorgina Meduri, Sacklow and Targum still do not allege any fraudulent charges or attempted fraudulent charges on their payment cards. SAC ¶¶ 14, 17, 20, 21, 24, 25. Nor do they allege that they spent any time dealing with actual or attempted fraudulent charges. *Id.* These Plaintiffs' claims must be dismissed in their entirety for lack of standing under *Whalen v. Michaels Stores, Inc.*, 689 F. App'x 89 (2d Cir. 2017), as adopted by this Court in the *Rudolph* Opinion.

6. Nearly all of the Plaintiffs fail to allege past harm with the specificity required by the *Rudolph* Opinion. This Court allowed Rudolph's allegations of past harm to proceed because she alleged with specificity the expense and effort she claims she expended in direct relation to fraudulent charges attempted on a payment card she allegedly used at Saks OFF 5TH. *Rudolph* Opinion at 15. Despite Hudson's Bay identifying this shortcoming in its initial pre-motion letter, Plaintiffs amended their complaint to provide this kind of detail for only two additional Plaintiffs—Whitaker and Wade. SAC ¶ 19 (alleging that Plaintiff Whitaker incurred a cost of approximately $450 to travel to her bank, the post office and the library to make photocopies and mail relevant documents); ¶ 26 (alleging that Plaintiff Wade spent approximately $550 for gas, food and other incidental expenses when he drove over 2,246 miles to a TD Bank branch in Florida). Although Hudson's Bay intends to argue in its motion to dismiss that these are self-inflicted injuries and claims that are absurd on their face, no other Plaintiff can specify alleged monetary losses in remediating the effect of attempted fraudulent charges on cards actually used at any of the relevant stores.

7. Plaintiffs Carthan and Wade cannot plausibly allege they suffered harm when they experienced fraud on payment cards not used at Hudson's Bay's stores. Plaintiff Carthan alleges credit fraud on a TD Bank Visa debit card used at Hudson's Bay's stores, but claims she time spent contacting multiple "banks and credit card companies" about "fraudulent activity." *See* SAC ¶ 12. Plaintiff Wade alleges he made purchases from Lord & Taylor using a Bank of America debit card, but later experienced fraud on that card, as well as a BBVA Compass account and a fraudulent withdrawal of money from his TD Bank account. *Id.* ¶ 26. It is simply not plausible that use of a specific payment card at an affected store could lead to fraudulent withdrawals or activity on accounts or cards not linked to the card used at the affected store.

Honorable P. Kevin Castel
October 11, 2019
Page 3

8. Plaintiff Levitt-Raschella continues to attempt to recover for fraud that could not possibly have been caused by the Hudson's Bay incident. She yet again alleges that a bank account, an AT&T account, and several credit cards were opened in her name using her social security number, and that her Instagram and Amazon accounts were compromised. *Id.* ¶ 18. But the Second Amended Complaint sets forth no facts suggesting that the incident involved here could have compromised her social security number, or passwords for her Instagram or Amazon accounts. *Id.* ¶¶ 1, 41 & 79 (the only information potentially compromised here was "cardholder name, card number, expiration date, and internal verification code.") *Id.* ¶¶. Plaintiff Levitt-Raschella, therefore, fails to plausibly allege that these events were caused by the Hudson's Bay incident.

9. Plaintiffs Carthan and Wade continue to allege they received "fraudulent emails seeking personal information" following the security incident, *id.* ¶¶ 12, 26, but plead no facts to distinguish these emails from everyday spam emails—let alone any facts to link them to the security incident.

10. Plaintiffs' claim under the New Jersey's Consumer Security Breach Disclosure Act, N.J. Stat. Ann. § 56:8-163, *et seq.*, fails because it does not allow for a private right of action. *See Holmes v. Countrywide Fin. Corp.*, No. 5:08-CV-00205-R, 2012 WL 2873892, at *13 (W.D. Ky. July 12, 2012); *Torres v. Wendy's Int'l, LLC*, No. 616CV210ORL40DCI, 2017 WL 8780453, at *6 (M.D. Fla. Mar. 21, 2017).

**B.    Plaintiffs' New Causes of Action Under the Nevada Deceptive Trade Practices Act and the Georgia Fair Business Practices Must Be Dismissed Pursuant to Rule 12(b)(6).**

The Second Amended Complaint's claims under two additional state statutes—the Nevada Deceptive Trade Practices Act ("NDTPA") and the Georgia Fair Business Practices Act ("GFBPA")—both fail. **First**, the NDTPA does not provide a private right of action. *See Bayer Healthcare Pharm. Inc. v. Watson Pharm., Inc.*, No. 2:07-CV-01472-KJD-GWF, 2011 WL 13247564, at *1 (D. Nev. Mar. 31, 2011) (dismissing claims under the Nevada Deceptive Trade Practices Act, holding that there is no private right of action); *Viloria v. Premium Capital Funding LLC*, No. 2:12-CV-00406-KJD, 2012 WL 4361252, at *4 (D. Nev. Sept. 20, 2012) (same). **Second**, the effort to assert a claim on behalf of a Georgia class for violations of the GFPA fails because the GFPA prohibits class actions. Ga. Code § 10-1-399 ("Any person who suffers injury or damages as a result of . . . consumer acts or practices in violation of this part . . . may bring an action individually, but not in a representative capacity. . . ."); *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 993 (N.D. Cal. 2016) (dismissing GFBPA claims, holding that statute bars class actions). These claims must therefore be dismissed.

* * *

We thank the Court for its time and attention to this matter. We respectfully suggest that the Court set a briefing schedule allowing 30 days for an initial motion, 30 days for a response, and 20 days for a reply.

Respectfully submitted,

*/s/ Gregory T. Parks*

Gregory T. Parks

c:    All counsel of record (via ECF)